**Terry Lynn WILLIAMS, Appellant,**

v.

**Bill ARMONTROUT, Warden, Missouri State Penitentiary, Appellee.**

No. 87–2133.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1988.

Decided Aug. 29, 1988.

Gregory S. Kitterman, Little Rock, Ark., for appellant.

J. Brent Standridge, Little Rock, Ark., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and SNEED,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Terry Lynn Williams appeals the district court's [1] dismissal of his latest petition for habeas corpus under 28 U.S.C. § 2254 (1987). Williams contends that the district court improperly exercised its authority in dismissing the petition under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts (1987), because his two earlier habeas petitions were not decided on the merits. We affirm.

Williams was convicted of first degree rape and robbery in Arkansas state court in 1975 and was sentenced to life and 18 years' imprisonment, respectively. In 1982, Williams filed his first habeas petition, alleging denial of due process, equal protection, and effective assistance of counsel. A magistrate recommended dismissing Williams' petition. Williams filed ob-

---

* The HONORABLE JOSEPH T. SNEED, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.

jections to the magistrate's report. The district court[2] adopted the magistrate's report, stating that no objections had been received. When his counsel failed to file a notice of appeal, Williams filed an unsuccessful pro se petition for leave to file an untimely appeal.

In February of 1985, Williams filed a second habeas petition alleging ineffective assistance of counsel arising from his counsel's failure to file a timely notice of appeal from the order dismissing the first petition. The district court[3] dismissed the second petition, finding that because the sixth amendment right to counsel does not attach to postconviction proceedings, Williams failed to state a violation of his constitutional rights. *See, e.g., Williams v. Lockhart,* 849 F.2d 1134, 1139 (8th Cir. 1988) (habeas corpus is unavailable to attack collateral proceedings); *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984) (because postconviction proceeding is civil in nature, sixth amendment right to counsel does not attach). We affirmed. *Williams v. Armontrout,* No. 85–2254, slip op. at 2 (8th Cir. Sept. 2, 1986 [802 F.2d 464 (Table)].) (not designated for publication).

One month later, Williams filed his third petition, which contained claims identical to those raised in his first two petitions. The district court dismissed this petition under Rule 9(b) as successive. Rule 9(b) provides, in part, as follows: "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits * * *." *See also* 28 U.S.C. § 2244(a).

Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice

would not be served by reaching the merits of the subsequent application. *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (footnote omitted). The chief issue on appeal is whether the district court correctly determined that the prior petitions were dismissed on the merits.

■ Williams argues that the dismissal of the first petition was not on the merits because the district court failed to consider the objections to the magistrate's report. Rule 8(b) of the habeas corpus rules permits magistrates to conduct evidentiary hearings, but requires that the district court "shall" conduct a de novo review of those sections of the report that are objected to. The advisory committee note to Rule 8 states that magistrate review is constrained to proposing a final determination. Whether or not the district court erred in failing to consider the objections to the magistrate's report, however, it did adopt the report; and a decision on the merits is not less so because it is improper. An adjudication on the merits "means that if factual issues were raised * * * an evidentiary hearing was held." *Sanders,* 373 U.S. at 16, 83 S.Ct. at 1077. Such a hearing was held. We therefore find that the first dismissal was on the merits. *Cf. Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.) (en banc), *cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984) (Arnold, J., concurring) ("[t]here is no new evidence * * * no change in the law * * * no claim of taint in the first post-conviction proceeding. There is simply the claim that this Court in 1969 misapplied the law to the facts. I know of no case that grants a successive habeas petition in that situation").

Williams could have challenged the district court's alleged error only on appeal, or, perhaps, through a motion to reconsider addressed to the first district court, not through a subsequent habeas petition. The appeal route was foreclosed when his peti-

---

**2.** The Honorable George Howard, Jr., United States District Judge, Eastern District of Arkansas.

**3.** The Honorable Elsijane Trimble Roy, United States District Judge, Eastern District of Arkansas.

tion for an untimely appeal was denied. Having been denied appellate review, Williams cannot now obtain further review of the same issues by filing another habeas petition. The alleged ineffectiveness of counsel cannot justify considering the dismissal as other than on the merits, because Williams' counsel committed no error, if he in fact committed any error at all, until after the first petition was dismissed.

■ Although Williams' second petition alleging ineffective assistance of counsel was dismissed for failure to state a claim, the petition was found not to state a claim as a matter of law. *See Mitchell,* 727 F.2d at 774. No set of facts would have altered that determination, no hearing was required, and an amended petition could not have been entertained. Williams relies on *Sanders,* 373 U.S. at 19, 83 S.Ct. at 1079, and *Brown v. Peyton,* 435 F.2d 1352 (4th Cir.1970), *cert. denied,* 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972), for the proposition that a dismissal for failure to state a claim is not on the merits when the cause of the dismissal was an insufficient pleading of the necessary facts. *See Sanders,* 373 U.S. at 19, 83 S.Ct. at 1079; *Brown,* 435 F.2d at 1354–55. *Sanders* and *Brown* are clearly inapposite here as Williams' petition was found legally insufficient.

■ Finally, even though a prisoner's habeas claims have been resolved previously on the merits, a district court may entertain a successive petition if the "ends of justice" so require. *See Sanders,* 373 U.S. at 15, 83 S.Ct. at 1077. In order to demonstrate that the ends of justice mandate another hearing, the prisoner must make a "colorable showing of factual innocence." *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (plurality). Williams does not attempt to meet this burden. Williams has neither shown nor alleged unfairness at any step of his collateral review, and we find that the district court did not abuse its discretion in dismissing the petition. *See Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078; *Walker v. Lockhart,* 726 F.2d 1238, 1248 (8th Cir.),

*cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984).

The order of the district court is affirmed.