James F. WILSON, Appellant,

v.

A.L. LOCKHART, Director ADC, Appellee.

No. 89–2036.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Jan. 3, 1990.

---

Joann C. Maxey, Little Rock, Ark., appellant.

Tim Humphries, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

James F. Wilson appeals from the district court's order [1] denying his petition for habeas corpus relief filed under 28 U.S.C. § 2254. We affirm.

In 1981 Wilson was convicted by a jury of several charges including two counts of theft of property by deception. He was sentenced as a habitual offender to a total of thirty-five years imprisonment. His convictions were affirmed by the Supreme Court of Arkansas, *Wilson v. State*, 277 Ark. 43, 639 S.W.2d 45 (1982), and his petition for postconviction relief filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure was denied. Thereafter,

Wilson filed a pro se petition for relief in federal district court pursuant to 28 U.S.C. § 2254. Among other things he claimed there was insufficient evidence to support the guilty verdict. The district court [2] denied relief on the merits in an unpublished memorandum opinion. *Wilson v. Lockhart*, No. PB–C–83–423 (E.D.Ark. Mar. 2, 1984).[3]

Wilson, now represented by counsel, filed the instant section 2254 petition on April 29, 1987, again asserting there was insufficient evidence to support the verdict as to the theft by deception charges.[4] The district court, applying the standards for considering successive petitions set forth in *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (controlling weight *may* be given to prior determination on merits when "ends of justice would not be served" by redetermination), and *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (plurality) (court *required* to entertain successive petition only when petitioner supplements claim with "colorable showing of factual innocence"), refused to reconsider the sufficiency of the evidence claim and dismissed the petition.

The only argument advanced by Wilson for reconsideration of the claim was that he had been proceeding pro se on the earlier petition. For reversal Wilson argues the district court (1) abused its discretion in finding his earlier pro se status insufficient to warrant relitigation; and (2) erred in requiring him to satisfy *Kuhlmann*, a plurality opinion which he contends the Eighth Circuit has not adopted.

We agree with the district court that Wilson's pro se status on the 1984 petition does not warrant relitigation of his claim. Counsel for Wilson does not point to any deficiency in the consideration of the claim

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

3. The record indicates that Wilson subsequently filed another pro se section 2254 petition, which

was also denied. The grounds raised and reasons for denial are unknown, however, as neither the petition nor the court's disposition have been made a part of the record.

4. Wilson also raised claims concerning the trial court's venue and jury instructions, but does not challenge the district court's denial of these claims on appeal.

on the merits by the district court in his first habeas corpus proceeding, or to any crucial point or argument Wilson failed to raise in the earlier petition. Instead, counsel asserts that because Wilson was pro se, "he was never able to articulate with any degree of clarity his basis for contending that the record evidence was insufficient to support a verdict of guilty."

An insufficiency of evidence claim does not require complicated legal argument. If the experienced district judge had believed Wilson needed the assistance of counsel in the first habeas proceedings, we are confident he would have appointed counsel to represent him. Our study of the record shows that the district court thoroughly considered Wilson's claim under the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), when he presented it the first time. The district court in the first habeas proceeding made a detailed, if not exhaustive, examination of the evidence before the trial court. In its lengthy opinion it discussed the rather "bizarre series of events" which led to Wilson's conviction. Its outline of the events was supported by page references to the transcript revealing the thoroughness and care of the analysis and pointed to the defenses raised at the trial. This discussion consumed nearly three pages of the opinion. The court's analysis and conclusions on this issue pointed out that Wilson argued that "certain pieces of evidence were not what they appeared to be, that the testimony of the several witnesses against him was less than credible, and that there was no proof that he committed some of the offenses with which he had been charged." This discussion consumes another two pages and demonstrates that the district court, in the first habeas, properly applied the applicable standards in its conclusion that there was sufficient evidence to support the conviction. The thoroughness of the district court's analysis dispels the force of any argument that Wilson suffered from the lack of counsel.

Because the court reviewing the instant petition correctly found that Wilson failed to carry his burden under the *Sanders* ends of justice analysis, it is unnecessary for us to decide whether it properly applied *Kuhlmann*. *See Williams v. Lockhart*, 862 F.2d 155, 158–59 (8th Cir.1988). We note, however, that at least one panel of the Eighth Circuit has applied *Kuhlmann*. *See Williams v. Armontrout*, 855 F.2d 578, 580 (8th Cir.1988).

Accordingly, we affirm.