**William C. FRANKELL, Petitioner,**

v.

**Lawrence C. BRINKMAN, et al.,
Respondents.**

**No. CV–N–88–49–ECR.**

United States District Court,
D. Nevada.

Feb. 8, 1989.

William C. Frankell, Carson City, Nev., pro. per.

Waldo De Castroverde, Deputy Atty. Gen., Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

■ Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This petition contains nine claims for relief, four of which the respondents contend have not been exhausted in the Nevada state court system, as required by 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, petitioner must show that he fairly presented all the claims in his instant petition to the highest court of the state in which he was convicted. *See Picard v. Conner*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir.1984). To determine whether petitioner has exhausted the claims in his instant petition, this Court has reviewed the briefs filed by the petitioner with the Nevada Supreme Court. *See* Minute Order entered November 4, 1988 (document # 20).

■ This Court now finds that petitioner has not exhausted claims 6, 7, 8, and 9 that are contained in his instant petition. While petitioner raised these claims in a state habeas corpus petition filed in the First Judicial District of Nevada, he never presented them to the Nevada Supreme Court. *See Frankell v. State*, Case No. 17048, Appellant's Opening Brief and Reply Brief (1986). Thus, petitioner has failed to exhaust his available state remedies.

■ The Ninth Circuit Court of Appeals recently outlined a procedure for handling habeas corpus petitioners that have both exhausted and unexhausted claims. *Neuschafer v. Whitley*, 860 F.2d 1470, 1482 (9th Cir.1988) (Alarcon, J., concurring). In accordance with this outline, this Court presents petitioner with three options for future proceedings in this case:

(1) petitioner may voluntarily dismiss the instant petition in order to pursue state remedies as to the unexhausted claims;

(2) petitioner may seek a stay of the proceedings before this Court while exhausting the unexhausted claims; or

(3) petitioner may proceed with the exhausted claims by formally and permanently abandoning the unexhausted claims.

We recommend option (1) above whereby petitioner voluntarily dismisses the petition

now before this Court. Petitioner may then proceed through the Nevada state court system in order to exhaust the currently unexhausted claims. Upon properly exhausting these claims, petitioner may seek federal habeas review of all possible grounds for relief. The advantage of this course of action is that it enables petitioner to argue all the claims for relief in a single federal proceeding. Furthermore, a voluntary dismissal of the instant petition would not prejudice in any way petitioner's ability to seek federal habeas corpus relief through a subsequent petition.

In the alternative, under option (2) above, petitioner may seek to stay the instant petition while proceeding to exhaust all currently unexhausted claims. This option would have the effect of "freezing" the instant petition while petitioner exhausted the available remedies in Nevada's state courts. Petitioner then could proceed on the instant petition by submitting documentary evidence that showed the exhaustion of the presently unexhausted claims. Under this option, this Court would provide petitioner with one year from the date of the stay in which to exhaust the unexhausted claims. If petitioner failed to exhaust these claims by the end of the year, we would dismiss the petition unless petitioner filed for an extension of time and demonstrated due diligence in attempting to exhaust.

Finally, option (3) above allows petitioner to proceed in this Court on the instant petition. This option, however, requires that petitioner complete both of the steps set forth below:

(a) First, petitioner must amend the instant petition to delete all unexhausted claims. Petitioner can satisfy this step by deleting claims 6, 7, 8, and 9 from the petition pursuant to United States District Court for the District of Nevada Local Rule 135–2.

(b) Secondly, petitioner must formally abandon all currently unexhausted claims for habeas corpus relief that are contained in his instant petition. Petitioner can complete this step by submitting either a sworn, notarized affidavit or a declaration that has been signed under penalty of perjury. This affidavit or declaration must state that petitioner voluntarily, knowingly, and intelligently agrees to abandon forever claims 6, 7, 8, and 9 contained in his instant petition for a writ of habeas corpus. In addition, petitioner's affidavit or declaration of abandonment must also outline the substance of the claims that are being abandoned and cannot refer to these claims merely by number.

Before deciding to formally abandon these unexhausted claims, however, petitioner must understand and carefully consider the consequences of such a choice. By formally abandoning these currently unexhausted claims, petitioner should be barred from ever raising these claims in any federal court. *See Rose v. Lundy*, 455 U.S. 509, 521, 102 S.Ct. 1198, 1205, 71 L.Ed. 2d 379 (1982) ("a prisoner who decides to proceed only with his exhausted claims and *deliberately sets aside* his unexhausted claims risks dismissal of subsequent federal petitions") (emphasis added); *Neuschafer*, 860 F.2d at 1482 (Alarcon, J., concurring) ("If this procedure is followed, the filing of a second petition alleging a new federal constitutional claim will be inexcusable, and an abuse of the writ, unless petitioner is able to allege a change in the law, a newly discovered fact, or ineffective assistance of counsel in connection with the first petition."); Rule 9(b), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254 cases.

IT IS, THEREFORE, HEREBY ORDERED that petitioner shall have twenty (20) days from the date this order is entered to:

(1) voluntarily dismiss the instant petition;

(2) move for a stay of the instant petition pending exhaustion of the currently unexhausted claims; or

(3) amend the instant petition to delete all currently unexhausted claims. Petitioner can only file an amended petition deleting the unexhausted claims if petitioner submits, with the amended

petition, an affidavit or a declaration in which petitioner agrees to abandon forever the unexhausted claims contained in his instant petition. Petitioner's affidavit or declaration of abandonment must comply with the requirements set forth in step (b) above.

IT IS FURTHER ORDERED that if petitioner does not respond to this Order within twenty (20) days from the date on which it is entered, the Clerk of the Court promptly shall resubmit this matter to this Court. We shall then proceed to dismiss the instant petition since it contains unexhausted claims. *See Rose v. Lundy,* 455 U.S. at 521–22, 102 S.Ct. at 1205; *Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983).