755 F.Supp. 873 (1991)
Robert WALLS, Petitioner,
v.
Paul DELO, Respondent.
No. 90-607 C (2).
United States District Court, E.D. Missouri, E.D.
January 12, 1991.
*874 Robert A. Walls, pro se.
J. Martin Hadican, St. Louis, Mo. (Court-appointed), for petitioner.
Jared R. Cone, Asst. Atty. Gen., Bill Thompson, Staff Counsel, Office of the Clerk, Missouri Supreme Court, Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on the first amended petition of Robert Walls for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Walls is incarcerated under a sentence of death at the Potosi Correctional Center. On petitioner's motion, the Court has stayed the execution of his sentence. (Memorandum and Order April 2, 1990).
Petitioner has raised over fifty issues in his first amended petition. Of those, eleven have never been raised in the state courts. Respondent argues that, although not previously raised, these arguments are nevertheless exhausted because petitioner is procedurally barred from now raising these issues in the state courts.
The issue before the Court is whether petitioner has any non-futile state remedies available to him. See Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir.1988). Specifically, the Court must determine whether Missouri Supreme Court Rule 91 is available to petitioner.
Prior to the Missouri Supreme Court decision in White v. State, 779 S.W.2d 571 (Mo.1989) (en banc), this Court concluded that a petitioner who failed to timely raise an issue under the rules governing state post-conviction remedies was procedurally barred from raising that issue in state court and was deemed to have exhausted his state remedies. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Stokes v. Armontrout, 893 F.2d 152 (8th Cir.1989).[1]
In White, however, the Missouri Supreme Court unanimously stated that "Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule." 779 S.W.2d at 573. The Honorable John W. Oliver interpreted this language to mean that Rules 24.035 and 29.15 do not operate as a suspension of the great writ and that Rule 91 is available to persons confined in Missouri *875 after the time for filing for relief under the other rules has passed. Fletcher v. Armontrout, 733 F.Supp. 1348 (W.D.Mo. 1990), see also Beverly v. Armontrout, No. 89-14-CV-W-9, 1990 WL 126995 (W.D.Mo. July 27, 1990).
Having carefully reviewed this matter, this Court, like the Western District, believes that Rules 24.035 and 29.15 do not supersede Rule 91; however, this Court does not take as broad a view as taken by the Western District. This Court interprets Rules 24.035 and 29.15 as providing the exclusive avenue for relief in certain circumstances while the great writ remains to provide relief in other circumstances.
Beginning the analysis with the great writ itself, Missouri Supreme Court Rule 91 provides that habeas corpus relief is available to "Any person restrained of his liberty within this state." The committee notes, however, refer to Rules 24.035 and 29.15 as the exclusive remedy in certain unspecified situations. The situations in which Rules 24.035 and 29.15 apply are set in those rules. Subsection (d) of both require that the movant "verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion." (emphasis added). The use of the phrase "known to him" must be interpreted as limiting these rules to those matters known or reasonably discoverable during the time for filing these motions. In other words, an issue not known or reasonably discoverable to the petitioner in the period during which he could file for relief under Rule 24.035 or 29.15 can provide the basis for relief under Rule 91. Requiring that known or reasonably discoverable claims be raised within the time allotted for seeking relief under Rules 24.035 and 29.15 while allowing other claims to be pursued under Rule 91 does not unconstitutionally suspend the great writ.
This petition for writ of habeas corpus relief contains some claims which were not known or reasonably discoverable during the time for relief under Rule 24.035 or 29.15; thus, under the above analysis, some of the claims are unexhausted. The majority of the claims, however, have been raised and exhausted in the state courts. When presented with a "mixed petition" containing exhausted as well as unexhausted claims, the Court will usually dismiss the entire petition without prejudice. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In this case, however, petitioner is incarcerated under a sentence of death. Prior to the filing of this motion the State of Missouri set a date for petitioner's execution which was stayed by action of this Court. (Memorandum and Order April 2, 1990). Under the circumstances, rather than dismissing this action as a mixed petition, the Court will stay ruling to allow petitioner to present his unexhausted claims to the state courts or to delete those claims from his petition. See, e.g., Frankell v. Brinkman, 707 F.Supp. 1221 (D.Nev.1989).
Accordingly,
IT IS HEREBY ORDERED that the petition of Robert A. Walls for writ of habeas corpus is STAYED so that petitioner may exhaust his state remedies or file an amended petition deleting his unexhausted claims.
IT IS FURTHER ORDERED that petitioner inform the Court within sixty days of the action taken in this matter.
NOTES
[1] Post-conviction relief in Missouri is governed by Supreme Court Rules 27.26, 24.035, and 29.15. Rule 27.26 which contained no time limitations on the filing of such a suit has been repealed. Rule 27.26 was available in those cases where sentence was pronounced prior to January 1, 1988. Rule 24.035 which governs those cases in which sentence is imposed after a plea of guilty requires that the motion "be filed within ninety days after the movant is delivered to the custody of the department of corrections." Rule 29.15 governs those cases in which sentence is imposed after a trial and requires the motion to be filed "within thirty days after the filing of the transcript in the appeal" or if there is no appeal "within ninety days of the date the person is delivered to the custody of the department of corrections."