Robert **WHEADON**, Petitioner,

v.

Gerald **HIGGINS**, Respondent.

No. 91–1189C(8).

United States District Court,
E.D. Missouri, E.D.

Sept. 2, 1993.

Robert Wheadon, petitioner, pro se.

David Hansen, Millie E. Aulbur, Asst. Atty. Gen., Jefferson City, MO, for respondent.

### ORDER

STOHR, District Judge.

This matter is before the Court on the report and recommendation of the United States Magistrate Judge and petitioner's objections thereto. Pursuant to 28 U.S.C. section 636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which timely and specific objections are made. The magistrate judge recommends the denial of relief as to Grounds I through IV of the petition and the denial of petitioner's motions for summary judgment, and retains Ground V under consideration.

The Court's most generous construction of petitioner's objections is that they are chiefly devoted to discussion of his claims regarding ineffective assistance of counsel and his sentencing as a prior offender, and to personal criticisms of the magistrate judge. The latter, which are unsupported and entirely ineffectual, will be disregarded. As to the ineffective assistance claim, the Court concludes that petitioner's comments do not undermine the magistrate judge's analysis and rejection of that claim based on procedural default.

Concerning the prior offender issue, the Court is not persuaded that petitioner's motions for summary judgment should be granted merely because respondent proved unable to comply with the magistrate judge's order to file a copy of the "transcript" from petitioner's 1974 conviction. The magistrate judge himself ultimately concluded both that respondent acted in good faith but failed to locate such a transcript and that the transcript was not necessary to his consideration of Ground IV.

Finally, petitioner argues that the magistrate judge erred in concluding that his sentence as a prior offender under section 558.-016 R.S.Mo. was not unconstitutional. Petitioner argues that he "was never plead, convicted or sentenced as a prior offender." To the contrary, respondent's exhibits include a substitute information charging petitioner as a prior offender and the sentence and judgment of the trial court which states that petitioner had been found to be a prior offender.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's objections to the magistrate judge's report and recommendation are overruled and the report and recommendation is accepted and adopted.

**IT IS FURTHER ORDERED** that petitioner's December 17, 1992, April 28, 1993 and May 10, 1993 motions for summary judgment are denied.

**IT IS FURTHER ORDERED** that the matter is recommitted to the magistrate judge for his continued consideration of Ground V of the petition, per his report and recommendation.

### REPORT AND RECOMMENDATION AND ORDER

BLANTON, United States Magistrate Judge.

This matter is before the court on petitioner Robert Wheadon's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending is petitioner's Motion for Summary Judgment. The case was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b).

#### Procedural History

Petitioner is presently incarcerated at the Central Missouri Correctional Center in Jef-

ferson City, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. Petitioner was convicted, after a plea of not guilty and a trial by jury, of two counts of assault in the first degree. He was sentenced to imprisonment for twelve years on each count to run concurrently. On appeal, the Missouri Court of Appeals, Eastern Division, affirmed the conviction. *State v. Wheadon,* 779 S.W.2d 708 (Mo.App.1989). Petitioner filed a Rule 29.15 motion for post-conviction relief which was dismissed as untimely filed.

On June 6, 1991, the petitioner filed a petition for writ of habeas corpus alleging:

I. The trial court erred in submitting jury instruction number 11 which defined "attempt;"

II. The trial court erred in permitting a Dr. Hantz to testify as an expert regarding injuries resulting from the assaults; and

III. Ineffective assistance of "trial and appellate" counsel.

Petitioner previously filed and litigated a petition for habeas corpus in which he raised the same three grounds. United States District Court Judge Stephen N. Limbaugh adopted and incorporated United States Magistrate Judge Frederick R. Buckles' Report and Recommendation, denying the petition without prejudice for failure to exhaust state remedies.

Petitioner then returned to the state courts and filed a petition for writ of habeas corpus pursuant to Supreme Court Rule 91. On May 16, 1991, the Cole County Circuit Court denied the writ for failure to state grounds upon which relief can be granted. On June 6, 1991, petitioner again filed a petition in federal court.

On August 5, 1991, respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should not be Granted, claiming that petitioner had failed to exhaust all of his grounds in state court. Specifically, respondent asserted that because petitioner presented a ground challenging his direct appeal counsel, he should have filed a motion to recall the mandate. Therefore, respondent contended that the petition should be dismissed as containing both exhausted and unexhausted claims.

Mr. Wheadon filed an amended petition on February 21, 1992, incorporating the three grounds in his original petition and adding two new claims:

IV. The court erred in sentencing petitioner as a prior offender under Mo.Rev. Stat. § 558.019 because there was no showing that he spent 120 days in the penitentiary; and

V. He did not receive the full amount of jail time credit to which he was entitled.

Respondent filed a response to show cause order on June 1, 1992, asserting that because petitioner failed to raise his claim that he was erroneously sentenced as a prior offender in state court, he is procedurally barred from habeas relief. Respondent further claimed that petitioner's claim regarding the calculation of jail time is not cognizable in a federal habeas corpus proceeding. In addition, respondent contended that the original three grounds which petitioner incorporated in his amended petition had not been exhausted. Therefore, respondent concluded that the amended petition should be dismissed for failure to exhaust state remedies.

On June 8, 1992, petitioner filed a traverse in response to respondent's response to show cause order. Mr. Wheadon maintained that he had, in fact, exhausted all of his state remedies. Specifically, he stated that he filed a motion to correct sentencing error on October 29, 1991, which was denied; filed an amended motion to correct sentencing error on January 17, 1992, which was denied; and filed a petition for writ of mandamus in the Missouri Court of Appeals seeking an order to compel the trial court to respond to petitioner's prior motions on January 29, 1992, which was also denied.

Petitioner further asserted that regarding his claim of miscalculated jail time, he wrote a letter to the trial judge on May 11, 1990; filed a motion requesting an order for jail time credit on February 26, 1991; filed a petition for writ of mandamus on July 9, 1991, which was denied on July 12, 1991; and filed a federal habeas corpus petition on August 21, 1991, which he moved to the Eighth Circuit Court of Appeals on September 23,

1991. He claimed that the state courts had ample opportunity to correct the error and failed to do so. Therefore, he maintained that the ground of miscalculated jail credit time was properly included in his amended petition.

On December 11, 1992, respondent filed a supplemental response stating that he was unable to obtain a transcript of petitioner's prior 1974 conviction which this court had ordered to be produced on several occasions. Respondent claimed, however, that the transcript was irrelevant because petitioner was sentenced as a prior offender under Mo.Rev. Stat. § 558.016 (1986), which only required a prior conviction not proof of prior incarceration. In addition, respondent asserted that the claim concerning his sentencing was never presented in the state court and therefore he is procedurally barred from raising it in federal court.

On December 17, 1992, Mr. Wheadon filed a Request for Summary Judgment Against Respondent for Failure to Produce Court Ordered Transcript(s). In that request, petitioner maintained that because respondent failed to produce the relevant transcript(s), he is entitled to judgment as a matter of law. On February 16, 1993, the undersigned issued an order stating that petitioner's motion for summary judgment on the basis that respondent failed to produce a transcript of petitioner's 1974 conviction would be addressed in a subsequent Report and Recommendation (which is this one).

### Discussion

### Grounds I–III

With regard to grounds I, II, and III, which constitute petitioner's original petition, respondent claims that petitioner has failed to exhaust all of the available state remedies. Respondent maintains that petitioner's third ground pertains to ineffective assistance of appellate counsel, and therefore a motion to recall the mandate is the appropriate state remedy. *See Simpson v. Camper,* 927 F.2d 392, 393 (8th Cir.1991) (stating that remedy for ineffective assistance of appellate counsel under state law is motion to recall the mandate); *see also Williams v. Wyrick,* 763 F.2d 363, 365 (8th Cir.1985). As a result, respondent asserts that all of the grounds raised in the petition should be dismissed for failure to exhaust state remedies because petitioner has not filed a motion to recall the mandate.

In his original petition, petitioner's third ground states that his trial and appellate counsel (who was the same for both) was ineffective because he:

> failed to object to the substituted information, on the eve of trial, alleging an "attempt to cause serious physical injury"; and, failed to permit the Petitioner to testify in his own defense; and, failed to call the physician who treated the victim after the January assault; and, failed to properly brief the instructional error; and, was ineffective in advising Petitioner that he could file his 29.15 Motion later than thirty days after the transcript on appeal was filed.

(Petition at 6).

The substance of petitioner's ineffective counsel claims appears to be claims against his attorney as trial counsel, not appellate counsel. Petitioner contends that during the trial his attorney failed to object to certain information "on the eve of trial," failed to allow him to testify, and failed to call the victim's treating physician as a witness. "Ineffective assistance of trial counsel is not a proper subject for relief by motion to recall mandate." *State v. Williams,* 844 S.W.2d 562, 564 (Mo.App.1992) (citing *State v. Thompson,* 659 S.W.2d 766, 769 (Mo. banc 1983)).

Of petitioner's other two claims in ground III, only one relates to appellate counsel. Petitioner's complaint that his attorney failed to inform him that he had more than 30 days to file a motion for post-conviction relief clearly does not involve the appeal. His claim that counsel failed to properly brief the instructional error, however, does pertain to ineffective assistance of appellate counsel.

Nevertheless, whether petitioner has a state remedy or not, petitioner is not entitled to relief for reasons stated below. This court feels it would be a great waste of time and effort to require the petitioner to return to state court only to ultimately be unsuccessful

in this court for reasons which are clearly apparent at this time.

■ Although the petition will not be dismissed for failure to exhaust state remedies, the undersigned finds that petitioner procedurally defaulted on grounds I through III by failing to properly raise the issues in state court. Therefore, this court is precluded from entertaining the merits of the petition.

■ The record indicates that petitioner's Rule 29.15 motion for post-conviction relief was dismissed as untimely. (Petition at 4). Under Missouri law, petitioner should have presented his claims either on direct appeal or in a post-conviction proceeding under Rule 29.15. *State v. Wheat,* 775 S.W.2d 155, 156–57 (Mo. banc 1989), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990). Failure to file a timely motion for post-conviction relief constitutes a complete waiver of the right to proceed under Rule 29.15. *Day v. State,* 770 S.W.2d 692, 696 (Mo. banc 1989), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Sloan v. State,* 779 S.W.2d 580, 581–82 (Mo. banc 1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). Because the court dismissed the claims on procedural grounds, petitioner waived the right to pursue post-conviction relief. *Day,* 770 S.W.2d at 696.

Petitioner asserts, however, that the claims are properly before this court because he filed a Rule 91 application for writ of habeas corpus. Although the Missouri Supreme Court has not squarely addressed the reach of state habeas corpus applications under Rule 91 or the use of that remedy for exhaustion purposes, the Eighth Circuit Court of Appeals has spoken on the issue. In *Daniels v. Jones,* 944 F.2d 429 (8th Cir.1991), the Court held that "under Missouri law ... state habeas relief is unavailable on claims that could have been raised on direct appeal or during state post conviction proceedings, except in limited circumstances ..." *Id.,* at 430.

■ Those "circumstances" consist of failure to raise certain issues in post-conviction proceedings which were not attributable to petitioner's intentional or negligent conduct but solely to an ambiguity in the post-conviction rule combined with abandonment by counsel. *Kilgore v. State,* 791 S.W.2d 393, 396 (Mo.1990). In addition, the Missouri Supreme Court has established that petitioner must demonstrate at a minimum that he did not raise the grounds in a post-conviction proceeding because they were not known to him while post-conviction relief was available. *White v. State,* 779 S.W.2d 571, 572 (Mo. 1989).

■ In *Walls v. Delo,* 755 F.Supp. 873, 875 (E.D.Mo.1991), the United States District Court for the Eastern District of Missouri held that only "an issue not known or reasonably discoverable to the petitioner in the period during which he could file for relief under Rule 24.035 or 29.15 can provide the basis for relief under Rule 91." Failure to raise known claims on direct appeal or in a post-conviction proceeding constitutes a procedural default and precludes petitioner from raising the issues in federal court. *Daniels,* 944 F.2d at 430.

The claims raised in grounds I through III were known to petitioner during the applicable time period for filing a Rule 29.15 motion. Petitioner attempted to raise these grounds in his untimely Rule 29.15 motion. (Petition at 3–4). In addition, he does not assert that the grounds upon which he seeks relief were newly discovered or not known to him earlier. As a result, petitioner is subject to procedural default for failure to present his claims to the Missouri courts. *Blair v. Armontrout,* 976 F.2d 1130, 1136 (8th Cir. 1992); *Stokes v. Armontrout,* 893 F.2d 152, 155 (8th Cir.1989). Petitioner may not obtain federal habeas corpus relief absent a showing of both cause and actual prejudice for his procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986). Mr. Wheadon has not demonstrated either cause or actual prejudice for his failure to present his claims to the state courts. Therefore, grounds I through III should be denied as procedurally barred from federal review.

### Ground IV

■ The primary subject of petitioner's claim for habeas relief has been his sentence as a prior offender. Petitioner contends that he was sentenced under Mo.Rev.Stat. § 558.-019 (1986) as a prior offender without a showing that he had served 120 days in jail. The court previously issued several orders for the production of the transcript from the prior conviction which occurred in 1974. However, respondent was unable to locate a transcript after making a good faith attempt to do so. Petitioner, however, has filed a motion for summary judgment, requesting that his petition be granted because respondent has failed to produce the transcript.

Both parties have filed a surplus of motions and responses, each vehemently asserting his position. Although the undersigned previously ordered production of a transcript of petitioner's 1974 conviction, after reviewing the entire record and the arguments presented, the undersigned agrees with respondent that the transcript is unnecessary in order to determine petitioner's claim.

In *respondent's* Supplemental Response, respondent states that the 1974 transcript has no relevance to the current claim because petitioner is not attacking the validity of his prior conviction but an alleged error in the 1988 sentencing proceedings. Specifically, petitioner alleges that there was no finding of fact showing that he had served 120 days in jail in accordance with Mo.Rev.Stat. § 558.-016 (1986). Respondent correctly asserts, however, that the transcript would not indicate the amount of time that petitioner served.

In addition, the record shows that Mr. Wheadon was not sentenced as a prior offender under Mo.Rev.Stat. § 558.019 (1986), which applies to "any defendant who has pleaded guilty to or has been found guilty of a felony and served time of imprisonment of not less than one hundred twenty days in the department of corrections ... or a federal prison ..." A defendant sentenced under this statute must serve a minimum prison term of forty percent of his sentence.

Instead, the record indicates that on July 25, 1974, petitioner pled guilty to and was convicted of carrying a concealed weapon. (Respondent's Exhibit B, p. 182). Petitioner was sentenced to confinement for six months which was suspended, and he was placed on probation for one year. (Respondent's Exhibit B, p. 182). During the 1988 trial, petitioner admitted the conviction and waived his right to a hearing. (Respondent's Exhibit B, p. 183).

The record shows that petitioner was charged and sentenced as a prior offender under Mo.Rev.Stat. § 558.016 (1986) "in that he has pleaded guilty to or has been found guilty of a felony ..." (Respondent's Exhibit A, p. 54–55). Mo.Rev.Stat. § 558.016 provides in part:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender ...

2. A **"prior offender"** is one who has pleaded guilty to or has been found guilty of one felony.

This section, unlike Mo.Rev.Stat. § 558.019, does not require a showing of jail time served and does not mandate that a percentage of the sentence be served before being eligible for parole. Section 558.016 simply requires a finding that defendant has been found guilty or pleaded guilty to a felony in order to impose a longer sentence. The exhibits provided by respondent are sufficient to determine the outcome of petitioner's claim, and the 1974 transcript is no longer necessary because it would not shed any new light on plaintiff's claim that he was wrongly sentenced as a prior offender.

Respondent additionally contends that petitioner is procedurally barred from raising his sentencing as a prior offender because his did not first present this claim to the state courts. *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Respondent asserts that petitioner should be required to show cause for the procedural default and actual prejudice therefrom. *Murray v. Carrier,* 477 U.S. at 495–96, 106 S.Ct. at 2649–50.

The record indicates that petitioner has not alleged cause or prejudice for his procedural default. Even if petitioner could demonstrate cause and prejudice, however, ground IV should be dismissed because it lacks merit. Petitioner's sole argument in ground IV is that he was erroneously found to be a prior offender because:

> there is no finding of fact nor conclusion of law that petitioner had previously served 120 days in a state penitentiary.... The information filed in this case on which the proceedings were had does not contain any factual finding that petitioner was a prior offender as such would be required in accordance to section 558.019, RSMo., and 558.021, RSMo....

(Petitioner's Amended Petition, pp. 1-2). The premise behind petitioner's claim is that because the sentencing court did not make a factual finding of prison time served, he should not be required to serve forty percent of his sentence before being eligible for parole.

In his motion for summary judgment, petitioner relies on *Collins v. Hesse*, 957 F.2d 746 (10th Cir.1992) for the proposition that a prior conviction may be challenged in a habeas petition when it is used to enhance a later conviction. *Id.* at 747. However, the court emphasized that a prisoner can attack a later sentence by challenging the *constitutionality* of a prior, fully satisfied conviction if the prior conviction was used to enhance the later sentence. *Id.*

Petitioner's reliance on *Collins* is misplaced in this case. He does not attack the constitutionality of his 1974 conviction. Instead, petitioner asserts that the sentencing court did not use the prior conviction to enhance his current sentence in accordance with Missouri law. In essence, he is disputing the constitutionality of his current sentence, not his prior sentence.

As previously discussed, the statute upon which petitioner claims was erroneously applied was not the actual statute which led to his conviction as a prior offender. There is no merit to his claim that the sentencing court incorrectly sentenced him as a prior offender because they did not make a finding of fact that he had served 120 days in prison.

The statute under which petitioner was sentenced, Mo.Rev.Stat. § 558.016 (1986), does not require such a finding. Because petitioner did plead guilty to a prior felony, the sentencing court properly sentenced him as a prior offender under Missouri law. *See State v. Green*, 812 S.W.2d 779, 783 (Mo.App.1991) (stating that the only facts necessary to extend terms of imprisonment under Mo.Rev. Stat. § 558.016 (1986) are that defendant has "pleaded guilty to or been found guilty of" one prior felony).

As a result, ground IV of Mr. Wheadon's petition for writ of habeas corpus should be denied because it lacks merit. Additionally, his motion for summary judgment for failure to produce court ordered transcript(s) should also be denied. As previously noted, the transcript was not necessary to reach the merits of petitioner's claim. He has not shown the absence of a genuine issue of material fact that would entitle him to judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### *Ground V*

■ Mr. Wheadon's fifth ground alleges that he did not receive the proper amount of jail time credited to his sentence. Respondent asserts that petitioner's claim is not cognizable in a habeas petition because it concerns the interpretation of state crediting statutes. Respondent relies on *Travis v. Lockhart*, 925 F.2d 1095 (8th Cir.1991) in which the Eight Circuit Court of Appeals held that "the *interpretation* of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Id.* at 1097 (emphasis added).

Petitioner, however, contends that the amount of jail time was miscalculated. According to the sentence of the Circuit Court of the City of St. Louis, petitioner was entitled to "jail time prior to conviction." (Respondent's Exhibit A, p. 17). The statute to

which petitioner refers is Mo.Rev.Stat. § 558.031 (1991) which states in part:

A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both while awaiting trial for such crime and while pending transfer after conviction to the department of corrections or the place of confinement to which he was sentenced.

Petitioner does not dispute the interpretation of the statute, but the calculation of jail time.

Contrary to respondent's position that Mr. Wheadon's claim regarding miscalculated jail time is not cognizable in a habeas petition, the United States Supreme Court has held that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement ..." *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). The Court emphasized that in such instances, a petitioner must exhaust state remedies. *Id; see also Gregg v. Wyrick,* 449 F.Supp. 969, 971–72 (W.D.Mo.1978). Petitioner asserts that he wrote a letter to the trial judge, filed a motion with the trial court requesting a jail time credit order, and filed a Petition for Writ of Mandamus, to no avail. (*See* Petitioner's Traverse ..., pp. 2–3).

Because respondent maintained that ground V pertained to the interpretation of state crediting statutes, he did not address the merits of petitioner's claim and merely asserted that the claim was not cognizable. As a result, respondent should be given the opportunity to show cause why Mr. Wheadon's petition for writ of habeas corpus should not be granted with respect to .his allegation that his jail time has been miscalculated in contradiction to the sentencing court's order.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that grounds I, II, III, and IV of Robert Wheadon's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

**IT IS FURTHER RECOMMENDED** that petitioner's Motion for Summary Judgment be denied.

**IT IS HEREBY ORDERED** that respondent show cause within twenty (20) days of the date of this order why Robert Wheadon's petition for writ of habeas corpus should not be granted with respect to ground V.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir.1990).

Dated June 16, 1993