Harold Lee DUVALL, Appellant,

v.

James D. PURKETT, Appellee.

No. 93–1778.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1993.

Decided Jan. 31, 1994.

Robert J. Thomas Jr., St. Louis, MO, argued, for appellant.

John W. Simon, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

This case again raises issues of exhaustion of state remedies and procedural default when a Missouri inmate seeks federal habeas corpus relief without having filed a post-conviction motion under Missouri Supreme Court Rule 24.035. We now have the benefit of a significant clarification of Missouri law on this subject. *See Simmons v. White*, 866 S.W.2d 443 (Mo.Sup.Ct.1993).

In December 1989, Harold Lee Duvall pleaded guilty to charges of selling marijuana. His plea agreement, as he explained it to the trial judge at his change-of-plea hearing, provided that Duvall would be sentenced as a prior and persistent offender to two concurrent twenty-five year prison terms. In January 1990, he was sentenced in accordance with the plea agreement. Duvall did not appeal or seek post-conviction relief in the Missouri courts.

In April 1992, Duvall filed this petition for habeas corpus relief, claiming that his guilty plea was involuntary because his ineffective trial counsel failed to advise that, as a persistent offender, Duvall would be required to serve sixty percent of his sentence before being eligible for parole. *See* Mo.Rev.Stat. § 558.019(2)(2). The district court [1] denied relief, concluding that Duvall's claims were procedurally defaulted. Duvall appeals. We affirm, but only after first considering whether Duvall should be required to exhaust state remedies by petitioning for a writ of habeas corpus under Missouri Supreme Court Rule 91.

### Exhaustion of State Remedies.

A federal writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b); *see Simpson v. Camper,* 927 F.2d 392 (8th Cir.1991). A petitioner such as Duvall who has not sought state post-conviction relief should be required to do so before pursuing federal habeas relief unless he has "no available, nonfutile state remedies," *Daniels v. Jones,* 944 F.2d 429, 430 (8th Cir. 1991), or the federal court exercises its discretion to accept the State's waiver of the exhaustion requirement, *see Hampton v. Miller,* 927 F.2d 429, 431 (8th Cir.1991). In this case, the district court did not require Duvall to exhaust and did not discuss whether either of these exceptions applies. There-

fore, we will first take up the exhaustion issue.

*A. Futility.* Determining when Missouri inmates have an available, nonfutile state post-conviction remedy has been difficult in recent years. Effective January 1, 1988, the Missouri Supreme Court adopted Rule 24.-035. This Rule permits a convicted felon to challenge his conviction or sentence on federal constitutional grounds by filing "a motion to vacate, set aside or correct the judgment or sentence.... within ninety days after the movant is delivered to the custody of the department of corrections." Rule 24.035(b). The Rule requires the movant to "include every ground known to [him]." Rule 24.-035(d). Rule 24.035 is "the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 24.035(a). Failure to file the Rule 24.035 motion within ninety days "shall constitute a complete waiver of any right to proceed under this Rule." Rule 24.035(b).[2]

The difficult futility question has been whether the traditional state habeas corpus remedy is available to Missouri inmates who failed to seek relief under Rule 24.035 but who allege, for example, that their claims were unknown during Rule 24.035's ninety-day period, or that their failure to file a Rule 24.035 motion was caused by ineffective assistance of counsel. Because of this uncertainty in state law, we have been inclined in some cases to accept the State's waiver of its exhaustion defense. *See Dickens v. Armontrout,* 944 F.2d 461, 462 (8th Cir.1991); *Hampton v. Miller,* 927 F.2d at 431. With exhaustion waived, we could then deal with the petitioner's procedural default under Rule 24.035 as an issue of federal law, as the district court did here.

In *Simmons v. White,* the Missouri Supreme Court clarified this issue of state law. *Simmons* addressed the precise question of whether the state habeas remedy is open to

---

1. The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri.

2. Rule 24.035 applies to felons convicted after a guilty plea; Rule 29.15 creates the same procedure for felons convicted after a trial. Rules 24.035 and 29.15 with their strict ninety-day

time limit replaced Missouri Supreme Court Rule 27.26, which was a procedural substitute for a state habeas proceeding and which contained no time limit. *See Hampton v. Miller,* 927 F.2d at 432; *Stokes v. Armontrout,* 893 F.2d 152, 154 & n. 6 (8th Cir.1989).

an inmate who did not seek Rule 24.035 relief:

> Simmons ... seeks to utilize habeas corpus as a vehicle to raise claims ... that should have been raised by direct appeal and by Rule 24.035. While Simmons' procedural default does not absolutely preclude him from seeking habeas corpus for this purpose, the scope of review to which he is entitled is extremely limited.

*Simmons*, 866 S.W.2d at 446. Building upon its earlier decision in *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992), the Court adopted the following standard:

> Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.

*Simmons*, 866 S.W.2d at 446. While this standard is far from self-executing, it requires application of concepts with which federal judges are quite familiar.[3] Therefore, unless exhaustion has been waived in this case, we must examine the futility issue in light of this new *Simmons v. White* standard.

■ *B. Waiver.* Respondent's answer to Duvall's habeas petition included a "Statement Concerning Exhaustion," which concluded:

> [I]t appears to counsel for the respondent that the petitioner has procedurally defaulted.... [F]or this reason, considerations of exhaustion need not delay the Court in disposing of the [petition].

That is not an unqualified waiver; it merely urges the federal court to ignore 28 U.S.C. § 2254(b) and proceed directly to the federal law issue of procedural default. With Missouri law now clarified, federal courts should be hesitant to accept State waivers of the exhaustion defense.[4] Even if respondent intended to waive exhaustion in this case, in light of *Simmons* we decline to accept his waiver.

■ *C. Application of the Simmons Test.* Duvall's habeas petition raises no jurisdictional issue and therefore cannot satisfy the first prong of the *Simmons* test. The question, then, is whether the state habeas corpus remedy is available because he has alleged "circumstances so rare and exceptional that a manifest injustice results." We think clearly not.

Duvall alleges that his counsel failed to advise him fully as to parole eligibility, and that he did not discover the true situation until after his Rule 24.035 remedy was time-barred. However, Duvall pleaded guilty knowing he would receive two concurrent twenty-five year sentences. He knew or should have known that, as a persistent offender, he was required by statute to serve at least sixty percent of his sentence.[5] And at his change-of-plea hearing he admitted to a "firm belief there would be a great likelihood of conviction" if he went to trial. In these circumstances, we conclude that state habeas corpus relief is not available to Duvall under *Simmons*. Therefore, he has no available nonfutile state post-conviction remedy, and we must turn to the merits of the district court's conclusion that his federal habeas claims are procedurally defaulted.

---

3. The exception for jurisdictional issues is similar to our standard for determining whether a claim is foreclosed by a guilty plea. *See United States v. Vaughan*, 13 F.3d 1186, 1187–88 (8th Cir. 1994). The "manifest injustice" exception resembles the federal standard for determining whether a habeas petitioner's procedural default should be excused in the absence of cause and prejudice. *See Cornell v. Nix*, 976 F.2d 376, 381 (8th Cir.1992) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993).

4. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, — U.S. —, —, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). We should no more tolerate disregard for this principle by the State than by the habeas petitioner.

5. He also knew or should have known that federal habeas corpus relief might be available if his counsel had failed to advise him properly on the question of parole before he pleaded guilty. *See Hill v. Lockhart*, 877 F.2d 698, 704 (8th Cir. 1989), *sustained*, 894 F.2d 1009 (8th Cir.1990) (en banc).

748

### Procedural Default.

■ Duvall argues that his procedural default should be excused because Missouri Rule 24.035 is arbitrarily enforced. By citing *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), Duvall apparently seeks to invoke the principle that "a state procedural ground is not adequate unless the procedural rule is strictly or regularly followed." *Id.* at 587, 108 S.Ct. at 1987 (internal quotations omitted). But Duvall misperceives that principle. Because he did not file a Rule 24.035 petition, Duvall was not a victim of arbitrary enforcement of the Rule's ninety-day time limit. Moreover, the Missouri cases he cites as evidence of arbitrary enforcement at most evidence confusion, prior to *Simmons v. White,* as to when failure to file under Rule 24.035 precludes state habeas relief. Such confusion should have persuaded Duvall to file a state habeas petition, a step we now conclude would be futile under *Simmons.* It provides no basis for excusing his procedural default under Rule 24.035.

■ Finally, Duvall argues that his procedural default should be excused because (i) he did not learn that he would be required to serve sixty percent of his sentence until "long after" his Rule 24.035 remedy was time-barred, and (ii) that Rule did not give him sufficient time to uncover his ineffective assistance of counsel claim. In effect, Duvall argues that his ignorance of this federal claim was "cause" for his procedural default under *Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508–09, 53 L.Ed.2d 594 (1977).[6] We disagree. If Duvall had timely consulted an attorney about the possibility of post-conviction relief, that attorney would have learned about the sixty percent requirement by reading the relevant Missouri statute, and would have learned about the possible federal claim by reading *Hill v. Lockhart, supra* note 5.[7] In these circumstances, Du-

vall's alleged ignorance is not an "external impediment" that caused his procedural default. *See Cornell,* 976 F.2d at 380.

The judgment of the district court is affirmed.

---

6. We agree with the Supreme Court of Missouri that Rule 24.035's ninety-day time limit is constitutionally valid. *See Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Therefore, his procedural default under that Rule may only be excused under the cause and prejudice analysis of *Wainwright.*

7. Thus, Duvall's claim is not one "for which there was no reasonable basis in existing law" during the ninety days when he could have filed a Rule 24.035 motion. *Reed v. Ross,* 468 U.S. 1, 15, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). That distinguishes this case from *Jones v. Lockhart,* 940 F.2d 378, 380 (8th Cir.1991).