_____

No. 95-3942
_____

Lamont A. Fultz,                      *
                                      *
          Appellant,                  *   Appeal from the United States
                                      *   District Court for the
     v.                               *   Eastern  District  of  Missouri.
                                      *
Carl White,                           *
                                      *        [UNPUBLISHED]
          Appellee.                   *


_____

Submitted: November 19, 1996

Filed: February 26, 1997
_____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and  MORRIS
     SHEPPARD ARNOLD, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

     Lamont Fultz, a Missouri inmate, appeals from a judgment of the
district court[1] denying his petition for a writ of habeas corpus under 28
U.S.C. § 2254.  We affirm.

     In October 1992 Fultz was convicted of second-degree drug
trafficking, in violation of Mo. Rev. Stat. § 195.223.3(1).  Fultz claims
that before trial he filed a Missouri Supreme Court Rule 91 motion for
habeas corpus relief, raising search and seizure and Miranda v. Arizona,
384 U.S. 436 (1966), issues.  Apparently, the motion was dismissed.  Fultz
also filed an untimely post-conviction motion, which was dismissed.
Fultz's conviction was affirmed on direct appeal.  State v. Fultz, 864
S.W.2d 434 (Mo. Ct. App. 1993) (per curiam).  On appeal, Fultz did not
raise search and seizure

_____

     The Honorable Edward L. Fillipine, United States Senior
District Judge for the Eastern District of Missouri.

and <u>Miranda</u> issues.

In his federal habeas petition, Fultz raised six grounds for relief, including search and seizure, <u>Miranda</u>, and defective information claims. The district court found that the claims were defaulted and that Fultz had not demonstrated cause and prejudice or actual innocence to excuse the default.

On appeal, Fultz first argues that his search and seizure and <u>Miranda</u> claims were not defaulted because he raised them in a Rule 91 motion. However, a Rule 91 motion was not the proper vehicle to raise pre-trial suppression issues. <u>See</u> <u>Simmons v. White</u>, 866 S.W.2d 443, 445 & n.3 (Mo. 1993). Moreover, Fultz did not raise the issues on direct appeal. Although Fultz alleges ineffective assistance of appellate counsel as cause to excuse the default, because Fultz "never challenged the effectiveness of his appellate counsel in a motion to recall the mandate, that claim cannot serve as cause to excuse his procedural default." <u>Whitmill v. Armontrout</u>, 42 F.3d 1154, 1157 (8th Cir. 1994), <u>cert denied</u>, 116 S. Ct. 249 (1995). In addition, Fultz's inexperience or lack of legal training cannot serve as cause to excuse his failure to file a timely post-conviction motion. <u>See</u> <u>Duvall v. Purkett</u>, 15 F.3d 745, 748 (8th Cir.), <u>cert. denied</u>, 114 S. Ct. 2753 (1994).

We also reject Fultz's argument that his defaulted defective information claim is reviewable. He argues that because his claim implicates jurisdictional concerns, it would be a "manifest injustice" to deny federal habeas review. He is wrong. In the context of a federal habeas corpus review, although there is a "fundamental miscarriage of justice" exception to procedural bars, the exception is confined to a showing of factual innocence, a showing Fultz has not attempted to make. <u>See</u> <u>Frizzell v. Hopkins</u>, 87 F.3d 1019, 1021 (8th Cir. 1996).

In support of his argument, Fultz mistakenly relies on <u>Duvall</u>

v. Purkett, 15 F.3d at 747. In Duvall, the issue before this court was exhaustion of state remedies, not the miscarriage of justice exception to procedural bar. In addressing the question of whether a Rule 91 proceeding was an available state remedy, we noted that the motion "'may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.'" Id. (quoting Simmons v. White, 866 S.W.2d at 446).

As the state notes, although Fultz suggests that his defective information claim raises jurisdictional concerns, Fultz could not obtain Rule 91 relief. In Simmons, the supreme court held that if a defendant first challenged the sufficiency of an information after conviction and sentencing, a trial court was deprived of jurisdiction only if "the information failed 'by any reasonable construction [to] charge the offense of which the defendant was convicted' or prejudiced the substantial rights of the defendant to defend." Simmons, 866 S.W.2d at 446 (quoting State V. Parkhurst, 845 S.W.2d 31, 35 (Mo. 1992) (en banc)). In fact, Fultz's argument on appeal relating to the information is without merit. He argues that the information was defective because it failed to allege that he possessed cocaine base and the time and place of the offense. However, the information charged that on March 25, 1992 in the City of St. Louis, Missouri, Fultz possessed more than 2 grams of a substance containing cocaine base.[2]

_____

[2]In the district court, Fultz argued that the information was defective because it charged him with a Class B felony, which required that he possess more than 2 but less than 6 grams of cocaine base. However, he did not allege any prejudice. To the contrary, he asserted that he should have been charged with a Class A felony, because he possessed more than 6 grams of cocaine base. His reliance on State v. Smith, 825 S.W.2d 388, 390-91 (Mo. Ct. App. 1992), was misplaced. In that case, the court found that an information charging a Class A felony was defective because it alleged that the defendant possessed 6 grams of cocaine, instead of 6 grams of cocaine base, as Mo. Rev. Stat. § 195.223.3(2) required.

Accordingly, the judgment of the district court is affirmed.[3]

A true copy.

Attest:


      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Fultz, who is represented by counsel on appeal, has filed a pro se supplemental brief. As a general rule, we do not "consider a pro se brief of a party represented by counsel." <u>Howard v. Caspari</u>, 99 F.3d 895, 898 (8th Cir. 1996). In any event, we do not consider Fultz's pro se arguments concerning the merits of his defaulted claims.