14 F.Supp.2d 1130 (1998)
Donald THOMAS, Petitioner,
v.
Jeremiah W. NIXON, et al., Respondents.
No. 4:96 CV 41 DDN.
United States District Court, E.D. Missouri, Eastern Division.
July 31, 1998.
*1131 Donald Thomas, Crystal City, TX, pro se.
Stacy L. Anderson, Attorney General of Missouri, Assistant Attorney General, Jefferson City, MO, for Respondents.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court on the petition of a Missouri state prisoner, Donald Thomas, for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Factual Background
On June 17, 1993, the petitioner, Donald Thomas, pled guilty in the Circuit Court of *1132 the City of St. Louis to the illegal sale of cocaine. (Resp. Exh. A at 12.) The court sentenced petitioner to two years probation subject to various drug evaluations and treatment procedures. (Id. at 15.) Petitioner was charged with violating his probation, and on February 9, 1995, probation revocation proceedings were held. At these proceedings, the court found that petitioner had violated his probation and sentenced him to 10 years in the Missouri Department of Corrections pursuant to Mo.Rev.Stat. § 559.115 (1994). Under this statutory provision, the trial court is empowered to sentence the defendant to imprisonment and to consider granting defendant probation at any time up to 120 days after delivery to the Department of Corrections. Mo.Rev.Stat. § 559.115(b) (1994). (Resp. Exh. B at 5.)
During the sentencing hearing, the court advised petitioner that according to Missouri Supreme Court Rule 24.035, a defendant who has pled guilty is permitted 90 days from the day he enters the Department of Corrections to obtain review of the conviction and sentence. If the defendant fails to file a Rule 24.035 motion within the 90-day time limit, he waives his rights under this rule. (Resp. Exh. B at 6-7.)
On July 12, 1995, after petitioner completed the 120 days in the custodial substance abuse program, the court concluded that, based on the warden's June 1, 1995, report of petitioner's improper behavior (Resp.Exh. C), probation should be denied and petitioner should return to prison. (Resp. Exh. D at 8.)
After returning to prison, petitioner alleges he pursued post-conviction relief proceedings under Rule 24.035; however, the court concluded that petitioner's motion was untimely and that this was a procedural defect that could not be cured. (Petition, filed Mar. 21, 1996, ¶ 11(d)).
Petitioner alleges four claims for relief in this federal habeas action:
(1) Petitioner's guilty plea was involuntary and unknowing because he was informed by the court that upon successful completion of 120 days in shock incarceration, he would be released on probation.
(2) Petitioner was denied effective assistance of counsel because his attorney failed to inform him that he would be unable to pursue post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 while in drug treatment.
(3) Petitioner's due process rights were violated as a result of the totality of the circumstances.
(4) Petitioner lost his right to appeal the denial of his Rule 24.035 motion.

GROUND 1
Petitioner has exhausted his available state remedies with respect to ground one because he no longer has any non-futile state procedure available. Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir.1994).
A motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 serves as the exclusive means by which a defendant who has pled guilty may challenge his or her conviction or sentence. Additionally, Rule 24.035(d) requires that the motion be filed in respect to every claim known to the movant during the time allotted for post-conviction relief. In the case at bar, the alleged breach took place 30 days after the 90 day filing time required by Rule 24.035 had already expired. As a result, petitioner could not have raised ground 1 in a Rule 24.035 motion within the time allotted by the rule. Therefore, since petitioner's claim has been exhausted in the Missouri state courts merely because there are no non-futile remedies available, this court will review petitioner's first claim on the merits.
Petitioner contends that the court informed him during his plea and sentencing hearing that, after his successful completion of 120 days in shock incarceration, he would be released on probation pursuant to Mo. Rev.Stat. § 559.115 (1994). Petitioner claims that his completion certificate satisfies his part of the agreement; however, the court breached its part of the bargain by failing to release petitioner, thus rendering his guilty plea involuntary and unknowing.
Despite petitioner's contention that he was promised probation upon successful completion of the 120 day shock incarceration, the record discloses that the circuit court never made such a promise. Additionally, the court did not even mention the *1133 § 559.115 call-back provision. Instead, the following exchange took place:
THE COURT: Has anyone promised you anything about your sentence other than what the state has recommended to get you to plead guilty?
THE DEFENDANT: No, sir.
THE COURT: Has anyone promised you that you will get probation?
THE DEFENDANT: No, sir.
THE COURT: Has anyone told you that I've promised them that I will give you probation?
THE DEFENDANT: No, sir.
(Resp. Exh. A at 10.) Upon acceptance of petitioner's guilty plea, the court placed petitioner on two years probation.
After petitioner's probation began, he violated the terms of his agreement and thus a probation revocation hearing was held. (Resp.Exh. B.) During this hearing, the court sentenced the petitioner to 10 years in the Missouri Department of Corrections pursuant to the 120-day call-back procedure laid out in Mo.Rev.Stat. § 559.115 (1994). Despite petitioner's contention that he was promised probation in accordance with § 559.115, nothing in the record indicates that any such transaction took place. Instead, the court explained the terms of the § 559.115 call-back provision as follows:
THE COURT: Now, when you go down there, it's not a guarantee that you're going to get out in 120 days. If you go down there and behave like an idiot and a fool, they're going to tell me to keep you in. If you go down there and do business like you're supposed to, which is what I want you to do ... and you do the things you are supposed to do, then they are going to write me a letter that says that they recommend that you will be released. And I will follow their recommendation.
(Resp. Exh. B at 10.) As is clear from the court's statement, petitioner was promised nothing more than a mere possibility of probation. Furthermore, as the record indicates, petitioner received an unfavorable review from the warden following the 120-day substance abuse program, and thus the court denied petitioner probation just as it said it would do. (Resp. Exhs. C and D.)
Ground 1 is without merit.

GROUNDS 2,3,4
Petitioner's failure to file a timely Rule 24.035 motion with respect to his second, third, and fourth claims constitutes a procedural default giving rise to a procedural bar to federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 728-31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner may overcome this procedural bar and obtain federal habeas corpus review by establishing legally sufficient cause for his failure to comply with Rule 24.035 and actual prejudice resulting therefrom. Id. at 748-50, 111 S.Ct. 2546. In an attempt to establish cause for his procedural default, petitioner claims that he could not file his Rule 24.035 motion in a timely manner because he did not have access to legal materials nor a law library during his 120-day incarceration. As respondent points out, this claim of cause fails because an original pro se motion for post-conviction relief "need only give notice to the trial court, the appellate court, and the State that movant intends to pursue relief under [Rule 24.035]." Bullard v. State, 853 S.W.2d 921, 923 (Mo. banc 1993). Additionally, under Rule 24.035(e), the movant is only required to plead the facts entitling him to relief. Therefore, lack of access to legal materials and law libraries does not render the filing of a Rule 24.035 motion impossible and thus the denial of such cannot be cause for petitioner's procedural default of grounds two, three, and four. Furthermore, without a proper showing of cause, there is no need to address the issue of prejudice. Oxford v. Delo, 59 F.3d 741, 748 (8th Cir.1995), cert. denied, 517 U.S. 1124, 116 S.Ct. 1361, 134 L.Ed.2d 528 (1996).
For these reasons, the petition of Donald Thomas for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. An appropriate Order is issued herewith.